United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. HARPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RONALD M. WHYTE,<br><br>　　　　Defendant. | No. C 08-00298 SI<br><br>**ORDER GRANTING IFP APPLICATION AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"), filed on January 16, 2008. For the reasons set forth below, the Court hereby GRANTS plaintiff's IFP application and DISMISSES plaintiff's complaint without leave to amend.

**BACKGROUND**

Plaintiff Paul Harper has filed a complaint against Judge Ronald Whyte of the United States District Court for the Northern District of California. Plaintiff appears to be suing Judge Whyte for violating state and federal law while presiding over the cases of *Harper v. Trumbull*, No. 07-4191, and *Harper v. Weiking*, No. 06-6320. Plaintiff's complaint mentions the Fourteenth Amendment to the U.S. Constitution, Federal Rules of Civil Procedure 3, 4(b), 4(c), and 4(m), and California Code of Civil Procedure §§ 412.10, 413.10, and 1209(4). It is unclear what plaintiff's complaint alleges, other than that plaintiff takes issue with Judge Whyte's handling of plaintiff's prior lawsuits against Magistrate Judge Patricia Trumbull and Clerk of the Court Richard Weiking, in particular something having to do with service of process.

**LEGAL STANDARD**

IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [ plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

**DISCUSSION**

The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of the plaintiff's assets and stating that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1). Plaintiff has filed such an affidavit, indicating that he has no assets and is unemployed. Assuming that plaintiff is being truthful in his IFP application, plaintiff is within the parameters

necessary to grant an IFP application. Accordingly, his application to proceed without the payment of a filing fee is GRANTED.

The Court's grant of plaintiff's IFP application does not mean, however, that he may continue to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine whether it states a cognizable cause of action against the defendants. 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous. It appears plaintiff's concern in this complaint is that Judge Whyte somehow violated his due process rights and the Federal Rules of Civil Procedure in the way the court handled the service of plaintiff's complaint. The Court assumes this relates to Judge Whyte's denial of plaintiff's IFP applications in two prior orders, *see* August 28, 2007 Order, *Harper v. Trumbull*, No. 07-4191; February 22, 2007 Order, *Harper v. Weiking*, No. 06-6320, the denial of which did not entitle plaintiff to have the Court serve the complaint for him. As plaintiff has already been informed by Judge Whyte, *see* August 28, 2007 Order, *Harper v. Trumbull*, No. 07-4191, a federal judge is absolutely immune from civil liability for acts performed in his judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Here, plaintiff's complaint alleges that Judge Whyte violated plaintiff's rights by issuing certain orders, and thus alleges liability based on acts performed by Judge Whyte in his capacity as a judge. Moreover, to the extent plaintiff's complaint is also a complaint against court clerks, judicial immunity also applies to complaints brought against them. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988). For these reasons, plaintiff's complaint does not state a claim upon which relief can be granted, and his complaint is DISMISSED.

Although the Court might normally grant leave to amend the complaint, the Court does not believe leave to amend is appropriate in these circumstances. First, this is at least the third complaint plaintiff has filed in federal court against judges or court clerks, all of which have been denied on judicial immunity grounds. *See* August 28, 2007 Order, *Harper v. Trumbull*, No. 07-4191, and February 22, 2007 Order, *Harper v. Weiking*, No. 06-6320. More importantly, given the gravamen of plaintiff's charges against Judge Whyte, it is clear that there is no amendment which could cure the defects in the complaint.

3

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND and plaintiff's request to proceed IFP is GRANTED [Docket No. 3].

**IT IS SO ORDERED.**

Dated: January 23, 2008

SUSAN ILLSTON
United States District Judge

4