FILED
FEB 7 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Motion to amend under

1. Counsel finds and cites

(1) motion to amend under Fed R Civ P. 52(b) findings of court order Dated 1/23/08

(A) Counsel finds facts

(1) Order Dated 1/23/08 clearly erroneus findings case Harper v. Whyte, No. C 08-00298 SI, where found on pages 2. and 3. "manifest error" a compleate Disregard of Evidence, see case Diebitz v. Arreola, E.D. Wis. 1993, 834 F. Supp. 298 "grounds" for amending Order Dated 1/23/08,

(B) Judgment or findings Pretrial Judge must weigh All Evidence, see case Martinez v. U.S.

Sugar Corp., M.D. Fla. 1995 880 F. Supp. 773 affirmed 77 F. 3d 497,) Counsel cites manifest constitutional error, "Loss of Constitutional Rights of Plaintiffs under U.S. Constitution 14th amendment sec. 1. cl. 1., (1) Order Dated 1/23/08 is clearly erroneus "where" findings of Order Dated 8/28/07 finds Judge Whyte and Judge Trumbull absolutely immune from civil liability for Acts preformed; in clear absents of All Jurisdiction Judges Have No immune from civil liability for Acts preformed,

2

where order Dated 8/28/07 fails to come within 120 Days for Ordering Application to Proceed in forma Pauperis under Fed R Civ Pro 4 (C)(1)(2) Summons and Complaint can only serviced after order to Proceed in forma Pauperis is granted Judge Turnbull Dismissed Case Harper v. Wieking, No. C 06 6320 - AMW On Date 3/15/07 for father to service summons and complaint, Judge Turnbull and Judge Whyte "Abuse Process" and violated Plaintiff's entitled Right is Prejudiced under

3

U.S. Constitution 14th amendment Sec. 1. cl. 1, "Due Process of Law"; (C) Counsel Request set aside of findings of court order Dated 1/23/08 as clearly erroneus and Adopt Proposed findings of Counsel's under Fed R Civ Pro 52(b) and Request amending Court findings, see case Amstar Corp. v. Dominos Pizza, Inc., GA. 6a. 1980 615 F. 2d 252., (3)(1) Counsel Cite Objection to findings of Court Dated Order 1/23/08 and moves to ament them as is found under Fed R Civ Pro 52(b)

4

amending Judgment Dated 1/23/08.

Dated 2/3/08
Paul A. Harper    Paul A. Harper
Counsel of Record for Plaintiff
Case Harper v. Whyte, No. C08 0029 SI,
P.O. Box 32621, Long Beach, California
90832, U.S.A.

5

```
                                                          FILED
                                                         JAN 24 2008
                                                      RICHARD W. WIEKING
                                                    CLERK U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF CALIFORNIA
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. HARPER, | No. C 08-00298 SI |
| Plaintiff, | **JUDGMENT** |
| v. | |
| RONALD M. WHYTE, | |
| Defendant. | |

Plaintiff's complaint has ben dismissed without leave to amend. Judgment is entered accordingly.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: January 23, 2008

SUSAN ILLSTON
United States District Judge

FILED
JAN 24 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. HARPER, | No. C 08-00298 SI |
| Plaintiff, | **ORDER GRANTING IFP APPLICATION AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| RONALD M. WHYTE, | |
| Defendant. | |

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"), filed on January 16, 2008. For the reasons set forth below, the Court hereby GRANTS plaintiff's IFP application and DISMISSES plaintiff's complaint without leave to amend.

**BACKGROUND**

Plaintiff Paul Harper has filed a complaint against Judge Ronald Whyte of the United States District Court for the Northern District of California. Plaintiff appears to be suing Judge Whyte for violating state and federal law while presiding over the cases of *Harper v. Trumbull*, No. 07-4191, and *Harper v. Weiking*, No. 06-6320. Plaintiff's complaint mentions the Fourteenth Amendment to the U.S. Constitution, Federal Rules of Civil Procedure 3, 4(b), 4(c), and 4(m), and California Code of Civil Procedure §§ 412.10, 413.10, and 1209(4). It is unclear what plaintiff's complaint alleges, other than that plaintiff takes issue with Judge Whyte's handling of his prior lawsuits against Magistrate Judge Patricia Trumbull and Clerk of the Court Richard Weiking, in particular something having to do with service of process.

## LEGAL STANDARD

IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

## DISCUSSION

The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of the plaintiff's assets and stating that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1). Plaintiff has filed such an affidavit, indicating that he has no assets and is unemployed. Assuming that plaintiff is being truthful in his IFP application, plaintiff is within the parameters

2

1  necessary to grant an IFP application. Accordingly, his application to proceed without the payment of
2  a filing fee is GRANTED.

3  The Court's grant of plaintiff's IFP application does not mean, however, that he may continue
4  to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine
5  whether it states a cognizable cause of action against the defendants. 28 U.S.C. § 1915(e)(2).

6  Plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous. It
7  appears plaintiff's concern in this complaint is that Judge Whyte somehow violated his due process
8  rights and the Federal Rules of Civil Procedure in the way the court handled the service of plaintiff's
9  complaint. The Court assumes this relates to Judge Whyte's denial of plaintiff's IFP applications in two
10 prior orders, *see* August 28, 2007 Order, *Harper v. Trumbull*, No. 07-4191; February 22, 2007 Order,
11 *Harper v. Weiking*, No. 06-6320, the denial of which did not entitle plaintiff to have the Court serve the
12 complaint for him. As plaintiff has already been informed by Judge Whyte, *see* August 28, 2007 Order,
13 *Harper v. Trumbull*, No. 07-4191, a federal judge is absolutely immune from civil liability for acts
14 performed in his judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Moore v. Brewster*,
15 96 F.3d 1240, 1243 (9th Cir. 1996). Here, plaintiff's complaint alleges that Judge Whyte violated
16 plaintiff's rights by issuing certain orders, and thus alleges liability based on acts performed by Judge
17 Whyte in his capacity as a judge. Moreover, to the extent plaintiff's complaint is also a complaint
18 against court clerks, judicial immunity also applies to complaints brought against them. *Mullis v. United*
19 *States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d
20 Cir. 1988). For these reasons, plaintiff's complaint does not state a claim upon which relief can be
21 granted, and his complaint is DISMISSED.

22 Although the Court might normally grant leave to amend the complaint, the Court does not
23 believe leave to amend is appropriate in these circumstances. First, this is at least the third complaint
24 plaintiff has filed in federal court against judges or court clerks, all of which have been denied on
25 judicial immunity grounds. *See* August 28, 2007 Order, *Harper v. Trumbull*, No. 07-4191, and February
26 22, 2007 Order, *Harper v. Weiking*, No. 06-6320. More importantly, given the gravamen of plaintiff's
27 charges against Judge Whyte, it is clear that there is no amendment which could cure the defects in the
28 complaint.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND and plaintiff's request to proceed IFP is GRANTED [Docket No. 3].

**IT IS SO ORDERED.**

Dated: January 23, 2008

SUSAN ILLSTON
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL A. HARPER,

        Plaintiff,

v.

RONALD M. WHYTE et al,

        Defendant.
_____/

Case Number: CV08-00298 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul A. Harper
P.O. Box 32621
Long Beach, CA 90832

Dated: January 24, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk